**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,**

v.

**Michael A. BAKER, Defendant-Appellee.**

**No. 57A03–8604–CV–107.**

Court of Appeals of Indiana, Third District.

Nov. 18, 1986.

Michael P. Mullen, Francis M. Pawlak, Burke, Griffin, Chomicz & Wienke, P.C., Chicago, Ill., James P. Fenton, Barrett, Barrett & McNagny, Fort Wayne, for plaintiff-appellant.

Ralph R. Blume, Blume, Wyneken, Connelly & Stucky, John R. Burns, III, Baker & Daniels & Shoaff, Fort Wayne, for defendant-appellee.

9. See section VIII.

GARRARD, Judge.

Michael A. Baker (Baker) was employed by Prudential Insurance Company of America (Prudential) from February 1975 until December 1977. On February 5, 1979, Baker was again appointed as a Prudential agent pursuant to an Agent's Agreement (*see* record, p. 53). While employed at Prudential, Baker sold and serviced a variety of whole life policies to numerous customers throughout the Fort Wayne, Indiana area. On July 1, 1982, Baker resigned as a Prudential agent effective July 29, 1983 and, shortly thereafter, became an agent for Ash Brokerage in Fort Wayne. After leaving Prudential, Baker engaged in policy replacement activity which resulted in a number of Prudential policyholders terminating or allowing their whole life policies to lapse. There was no express restrictive covenant involved in Baker's employment as a Prudential agent.

Prudential brought an action against Baker alleging that Baker caused at least twenty-eight Prudential whole life policyholders to terminate their policies which Baker had sold or serviced while employed with Prudential. Prudential sought damages for losses it allegedly sustained as a result of Baker's replacement activity, and sought to enjoin Baker from further policy replacement activity.

The trial court found that the policyholder information which Prudential sought to protect was readily available and, thus, not deserving of trade secret protection. The trial court further found that Baker was neither bound by statute nor by the agent's agreement to refrain from post-employment policy replacement activity. The trial court granted summary judgment in favor of Baker. Prudential now appeals.

We affirm.

### Standard of Review

In reviewing a grant of a summary judgment, we must examine whether there exists a genuine issue as to any material fact and whether the movant is entitled to summary judgment as a matter of law. *Duren v. Komyatte* (1986), Ind.App., 490 N.E.2d 388. While we will construe all evidence and resolve all doubts as to the existence of a genuine factual issue in favor of the non-movant, the party opposing the summary judgment motion must present sufficient factual evidence to controvert the moving party's declaration that no material factual issue exists. *M.R. by Ratliff v. Meltzer* (1986), Ind.App., 487 N.E.2d 836, 838. We will reverse the grant of summary judgment if the record discloses an unresolved issue of material fact or an incorrect application of the law to the facts. Indiana Rules of Procedure, Trial Rule 56(C): *Richards v. Goerg Boat & Motors, Inc.* (1979), 179 Ind.App. 102, 384 N.E.2d 1084.

We find no material factual issues and, further, the trial court's grant of summary judgment reflects a correct application of the law to the facts.

### Discussion

■ Prudential contends that Baker is bound by an implied promise of good faith and a fiduciary duty which survived termination of Baker's employment with Prudential. The implied promise and fiduciary duty, Prudential argues, preclude Baker, after termination of his employment with Prudential, from engaging in replacing Prudential whole life insurance policies with insurance policies of another insurer. We disagree.

Prudential raised these same arguments in their entirety in a factually identical case, *Prudential Ins. Co. v. Crouch* (S.D. Ind.1985), 606 F.Supp. 464, in which Judge Dillin, in a lengthy, well-reasoned opinion, systematically disposed of each of Prudential's arguments in favor of Crouch, a former Prudential insurance agent. The *Crouch* court acknowledged that under Indiana law an agent is bound by an ongoing duty to refrain from interfering with its principal's ability to accomplish the purpose of the agency. The *Crouch* court noted, however, that because Indiana common law favors competition, this duty must be viewed alongside the employee's common-law right to compete with his former

employer. *Id.* at 741 (citing *Trice v. Comstock* (8th Cir.1903), 121 F. 620; *Group Ass'n. Plans, Inc. v. Colquhoun* (D.C.Cir. 1972), 466 F.2d 469; *see also Prudential Ins. Co. v. Sipula* (7th Cir.1985), 776 F.2d 157. The duty described in *Trice*, the *Crouch* court stated, does not abrogate the agent's post-employment right to compete with or even "steal" clients from his former principal or former employer. *Id.* Prudential is entitled to the fruits of its contract with Baker. The "fruits" are premiums on the policies sold or serviced by Baker. Baker's duty as an agent prohibits him from destroying his principal's right to retain premiums which have already been paid when he leaves the employ. Thus, if a policy cancellation required a refund of unearned premium, Baker would be liable to Prudential for any commissions paid to him which are attributable to the unearned premiums. Beyond this obligation, an employee is "otherwise free to engage in replacement activities after termination of his employment which may include inducing former clients to allow their Prudential policies to lapse." 606 F.Supp. at 470-1.

■ Further, the court in *Crouch* recognized the existence of an implied covenant of good faith and fair dealing underlying

the agency employment agreement but held that an employee is obligated only to the extent that he receives compensation for his services. 606 F.Supp. at 470. After termination of employment and completion of his obligations for which he was paid, the employee is free under Indiana law to compete with his former employer. *Id.* (citing *College Life Ins. Co. v. Austin* (1984), Ind.App., 466 N.E.2d 738; *Steenhoven v. College Life Ins. Co.* (1984), Ind. App., 458 N.E.2d 661, *reh. den.* 460 N.E.2d 973; and *Woodward Inc. Co. v. White* (1982), Ind., 437 N.E.2d 59).[1]

We find the *Crouch* court's reasoning and analysis persuasive and adopt it as dispositive of all of the issues raised in the present appeal. Hence we find the trial court's grant of summary judgment reflects an appropriate application of the law to the present facts.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.

---

1. We realize, as did the *Crouch* court, that Indiana law prohibits misappropriation of confidential information. *See* IC 24–2–3–2. We are also cognizant that our courts have previously noted that some policyholder information may warrant protection as trade secrets. *Seach v. Richards, Dieterle & Co.* (1982), Ind.App., 439 N.E.2d 208, 213; *Captain & Co. v. Towne* (1980), Ind.App., 404 N.E.2d 1159, 1162. However, we find that the policyholder information sought to be protected in the present case is identical to that which the *Crouch* court deemed not entitled to trade secret protection. The court in *Crouch* stated:

    "In the absence of a restrictive covenant, Indiana law prohibits former employees from misappropriating and using trade secrets or confidential information acquired during employment for his or a competitor's benefit in a manner which is detrimental to the former employer. *See Woodward Insurance Inc. v. White, supra;* Ind.Code Sec. 24–2–3–2 (Supp. 1984). This protection afforded to trade secrets, however, has not been extended to encompass policyholder lists and other information compiled by insurance companies regarding their policyholders. *College Life Insur-*

    *ance Co. of America v. Austin, supra; Steenhoven v. College Life Insurance Co. of America,* 458 N.E.2d 661, *reh. denied with opinion,* 460 N.E.2d 973 (Ind.App.1984) (trans. denied). Such information concerning policyholders is generally not confidential. This information is readily obtainable from the policyholders, the policies, and from the insurance company. Although the names and addresses of policyholders may not be 'readily obtainable' as other information is, insurance companies generally do not hold the names and addresses of their policyholders in confidence, *Woodward Insurance, Inc. v. White, supra,* and there is no independent value attaching to such a policyholder list. *Steenhoven v. College Life Insurance Co. of America,* 460 N.E.2d 973 (Ind.App.1984). Therefore, policyholder lists do not constitute confidential information entitled to protection as a trade secret." 606 F.Supp. at 469. We agree with the *Crouch* court and find that the policyholder information in the present case is not protected under IC 24–2–3–2. Hence, Prudential's claim that Baker violated his post-employment fiduciary duty by misappropriating confidential policyholder information is without merit.