507 So.2d 259 (1987)
Joanne Gibson WOODS, Plaintiff-Appellant,
v.
INTEGON LIFE INSURANCE CORPORATION and Union Federal Savings and Loan Association, Defendants-Appellees.
No. 86-493.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Denied June 10, 1987.
*260 Glynn W. Reynolds, Alexandria, for plaintiff-appellant.
Stafford, Stewart and Potter, Bradley J. Gadel, Neblett, Beard and Arsenault, C. Michael Bollinger, Alexandria, for defendants-appellees.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Joanne Gibson Woods appeals a judgment dismissing her claim for credit life insurance coverage. Finding that the insurer, Integon Life Insurance Company, negligently misrepresented to the plaintiff that their joint application had been approved, we reverse and award the plaintiff damages.
The facts of this case are simple and not in dispute. On August 5, 1977, plaintiff and her husband borrowed $9,500 from the defendant, Union Federal Savings and Loan Association, secured by a mortgage on the Woods' home. At the closing of the loan, Mr. Sherman Cook, a loan officer for Union Federal, discussed the possibility of obtaining a decreasing credit-life insurance policy on the life of one or both of the mortgagors. The Woodses decided to apply for a joint policy. Through inadvertence the name of the city in the address portion of the application was not filled in by either Mr. Cook or the applicants. The Woodses were advised that the joint application was subject to approval or disapproval by the insurance company and that no premium would be collected until the policy was issued. The joint application was eventually signed by Mr. Frank Killen, vice president and loan officer of Union Federal. Mr. Killen was also a licensed agent for Integon Life Insurance Company. The joint application was then forwarded to Integon for approval.
The company was unwilling to insure Mr. Woods, so it never acted on the joint application. But Integon issued a decreasing credit-life insurance policy on Mrs. Woods individually, even though an individual application had not been filed.
Integon tried, by letter, to let Mr. Woods know of the rejection of his coverage and of the acceptance of his wife. However, the letter was addressed to a different city from where the Woodses lived, and it was *261 never delivered to them. In fact, the letter was returned to Integon and retained in its file. A copy of this letter was also sent to Union Federal and there placed in the Woods' loan file. Integon made no effort to have Union Federal notify the Woodses of the rejection of coverage. The policy insuring Mrs. Woods individually was mailed to Union Federal. On September 20, 1977, Union Federal mailed a speed letter memorandum consisting of two short paragraphs as follows:
"Subject: Integon Life Insurance premium
"Date: September 20, 1977
"Message:
"Dear Mrs. Woods
"We have paid your life insurance premium from Integon in the amount of $31.43. This payment was added to your principal balance, therefore, a life insurance escrow account was set up for reimbursement of this payment.
"Your monthly escrow payment is $2.70. This brings your total monthly payment to $103.81. If you have any questions concerning this matter, please call me."
Except for the fact that the salutation was limited to Mrs. Woods, there was nothing about this memorandum to indicate that coverage was limited to but one person.
Mr. and Mrs. Woods paid the monthly mortgage payment until the death of Mr. Woods in January 1980. In February 1980 Mrs. Woods went to Union Federal and learned for the first time that the policy issued did not provide coverage for Mr. Woods. At the time of his death the pay-off amount of the loan was $8,810.02. This figure represented the amount of the claimed coverage, since the policy was for decreasing term-life insurance.
Mrs. Woods sued Union Federal and Integon alleging that they misrepresented joint coverage under the policy. The trial court applied Antoine v. Sentry Life Insurance Company, 352 So.2d 786 (La.App. 3rd Cir.1977) and denied liability. We find Antoine not applicable to the facts of this case for the following reasons.
In Antoine the plaintiff, working through an independent agency (Dorsey), applied for disability and life insurance. Hartford accepted the life policy but rejected the disability application. Plaintiff then filed a disability application with Sentry, but because some questions had been left unanswered Sentry returned the application to Dorsey. Sentry, approximately two weeks later, wrote the Dorsey agency informing them the policy could not be issued. The Dorsey agency completed the application and returned it to Sentry. Plaintiff was subsequently seriously disabled. At no time was a premium paid to Sentry for plaintiff or Dorsey. The court noted that an action lies in tort for the negligent and unnecessary delay in performing the duty of acting on an application within a reasonable time when the applicant prepays his premium. However, in the situation where an applicant does not prepay the premium, and the insurer is unreasonable in its delay, the court concluded that, in order to show damages, the applicant has the burden of proof to show that but for such delay the applicant would have applied for and obtained insurance elsewhere. Since Antoine failed to meet this burden the court denied recovery.
Utilizing the rationale in Antoine, supra, the trial court found that the plaintiff failed to prove, or introduce any evidence, showing that she and her husband applied for and would have been able to obtain such insurance elsewhere, and denied recovery. However, we find such evidence or proof unnecessary in the present case, since we find that Integon negligently misrepresented that both applicants were covered under the policy.
As the court stated in Beal v. Lomas and Nettleton Co., 410 So.2d 318 (La.App. 4th Cir.1982):
"Louisiana recognizes a cause of action for negligent misrepresentation based on LSA C.C. Art. 2815; Devore v. Hobart Manufacturing Company, 367 So.2d 836 (La.1979). In order for the doctrine to apply there must be a legal duty on the part of the defendant to supply correct information, there must *262 be a breach of that duty, and the breach must have caused damage to plaintiff."
In Beal, supra, Mr. and Mrs. Beal purchased a policy of disability accidental death insurance on Mr. Seal though Lomas and Nettleton Company from United American Life. In 1973 the policy was cancelled and the Beals were notified by Lomas that coverage had been secured with American Bankers Life. However, the coverage provided by American Bankers did not include accidental death but only disability protection. This was not communicated to the Beals in the letter. Mr. Beal was killed in December 1974 and plaintiff was subsequently advised that there was no coverage. In her petition plaintiff alleged she and her husband had been misled as to the extent of coverage. The trial court awarded her a judgment for $19,840 against Lomas and American Bankers.
The trial court found, and the appellate court agreed, that Lomas' letter to the Beals misled the Beals into believing that the coverage offered by American Bankers was identical to that previously offered by United American. The appellate court, affirming the lower court's judgment, found that when Lomas "undertook to substitute American's policy for United's with the substantial change of deletion of accident death benefits it [Lomas] had a duty to convey that information correctly to the Beals." The court reasoned that Lomas breached this duty by sending the Beals the misleading letter and that the Beals relied on this misrepresentation to their detriment. The court concluded by finding that the plaintiff carried her burden to prove facts which supported recovery against Lomas for negligent misrepresentation.
In the present case the Woodses submitted a joint application to Integon for approval. When Integon received the joint application it decided not to insure Mr. Woods. However, instead of rejecting the joint application, Integon decided to treat the joint application as an individual application filed by Mrs. Woods. It issued a policy to Mrs. Woods individually without covering Mr. Woods. When Integon undertook to substantially change the benefits which the applicants sought, Integon had a duty to convey that information correctly to the Woodses. It attempted to convey the information by a letter. However, the letter was improperly addressed and it was returned to Integon. Instead of following up on its initial effort to contact the Woodses to convey this information, Integon did nothing. Integon sent a letter to Union Federal stating that Mrs. Woods had been insured and Union Federal thereafter paid Integon the Life insurance premium. Integon never informed the bank of the fact that its letter to the Woodses had been returned and that the Woodses had never been notified of the change. The bank's letter to Mrs. Woods stating that the life insurance premium to Integon had been paid and that the payment would be added to the principal balance on the loan could easily be read as indicating the joint application had been accepted. Because the Woodses were not notified of the change, they thought that their application had been approved and that the bank had paid the premium on their joint policy. By failing to notify the Woodses of the change in coverage and through its actions in notifying the bank to pay the premium on an individual policy, Integon breached its duty to supply the correct information to the Woodses, and represented to them that their joint application had been accepted, that the premium had been paid, and that both were covered. Mrs. Woods relied on this representation to her detriment. Therefore, we conclude that plaintiff carried her burden of proof which supports recovery against Integon for negligent misrepresentation.
As to Union Federal, however, there are no facts which support a judgment. Union Federal was under no duty to convey the notice of the change in coverage to the Woodses. Having received a copy of the explanatory letter from Integon to the Woodses, and not being aware that the undelivered letter had been returned to Integon, Union Federal could properly assume that the Woodses knew about and approved of Integon's actions.
*263 The plaintiff's suit sought damages in the full amount of the policy and for mental anguish. The policy was for decreasing term life coverage and the amount of the pay-off of the mortgage at the time of Mr. Woods death was $8,810.02. We find that the plaintiff is entitled only to the amount of the pay-off of the mortgage at the time of Mr. Woods's death under the terms of the policy. We also deny plaintiff's request for mental anguish. Although mental anguish may be recovered in a case of this kind, there was insufficient evidence in the present case to prove more than minimal worry and inconvenience. See Dousson v. South Central Bell Telephone Co., 429 So.2d 466 (La.App. 4th Cir. 1983), writ not considered 437 So.2d 1135 (La.1983).
Accordingly, the judgment in favor of Union Federal Savings and Loan Association is affirmed. The judgment in favor of Integon Life Insurance Corporation against the plaintiff, Joanne Woods, is reversed and set aside and judgment is rendered in favor of the plaintiff, Joanne Woods, against Integon Life Insurance Corporation in the sum of $8,810.02, plus legal interest from the date of judicial demand. All costs are to be assessed against Integon.
AFFIRMED IN PART; REVERSED IN PART, AND RENDERED.