687 So.2d 132 (1996)
David W. MILLET, Sr. d/b/a Dave Millet Insurance Agency
v.
Bettie J. LOYD CRUMP and American ESI Crump Insurance Agency, Inc.
No. 96-CA-639.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1996.
Rehearing Denied February 18, 1997.
*133 Richard M. Millet, LaPlace, for Plaintiff/Appellee.
Perry J. Roussel, Jr., Gerolyn P. Roussel, LaPlace, for Defendants/Appellants.
Before GAUDIN, WICKER and CANNELLA, JJ.
WICKER, Judge.
This appeal arises from a petition for injunctive relief filed on behalf of David W. Millet, Sr. d/b/a Dave Millet Insurance Agency (Millet), plaintiff/appellee, against Bettie J. Loyd Crump and American ESI Crump Insurance Agency, Inc. (Crump), defendants/appellants, seeking to permanently enjoin Crump from allegedly violating the terms of a non-competition/non-solicitation agreement as well as the Uniform Unfair Trade Secret Act (UTSA). The plaintiff also sought judgment compelling Crump to return records alleged to be trade secrets taken from Millet's office. The trial judge ordered Crump to return documentation taken from Millet's office and to inform Millet of the whereabouts of the missing files within 14 days of the judgment of March 12, 1996. She also restrained Crump from removing information from Millet's office which was regarded as confidential or trade secrets. Additionally, the trial judge restrained Crump for a period of two years from October 15, 1995 from the following: (1) making use of account lists or trade secret information from Millet's agency; (2) soliciting or transacting business with or for any of the accounts Crump sold to Millet; (3) engaging in the insurance agency business in any way within the parishes of St. John The Baptist, St. James, and St. Charles while Millet carried on a like business. Crump filed a devolutive appeal.[1] We reverse.
We note at the outset that Millet reurged the motion to dismiss discussed infra as a specification of error. That motion has previously been denied.
Appellant specifies the following errors:
1. The trial court committed manifest error by upholding the non-compete covenant and non-solicitation provisions of the purchase and sale agreement as these are in direct violation of La.R.S. 23:921, and
2. The trial court committed manifest error by issuing a permanent injunction.

NON-COMPETITION/NON-SOLICITATION CLAUSES
On April 15, 1994 Millet and Crump executed a purchase and sale agreement. The agreement provides the following transfer upon execution of the contract:

*134 5.... All Crump Ins. expirations and accompanying files and records shall be transferred to Millet Ins. upon immediate execution of this document. All Crump Ins. telephone numbers, addresses, post office box numbers, agents' license numbers and Crump Ins. goodwill shall be transferred to Millet Ins. upon execution of this agreement. All Crump Ins. contracts with Insurance Carriers shall be transferred to Millet Ins., subject to Carriers' approval, upon execution of this agreement.
The agreement further provides:
3. The purpose of this agreement is to transfer all Crump Ins. Accounts at expiration from Crump Ins. to Millet Ins. The effective date of this transfer is established as the date this instrument is executed ...
The contract provides that Millet give Crump a cash advance of $30,000 and that he regain that amount from renewal commissions. After the recovery of that amount, the agreement provides that Millet agrees to pay Crump a commission of 50% on each renewal "for the remaining duration of 3 years after current expiration of each account." Millet did recover the $30,000 advance and had begun paying Millet 50% of the renewal commissions.
The purchase and sale agreement contains non-competition and non-solicitation clauses. Appellee refers to the non-competition clause as one entered into by Crump as a condition of her employment by Millet. Crumb worked for Millet as a sales representative shortly after the contract was executed until October 15, 1995 when she was terminated by Millet. Although the contract does contain a phrase referring to her employment, both Millet and Crump testified the contract was not intended as an employment contract.
Section 6 of the agreement characterizes the sale as a "retention sale" as follows:
6. Crump Ins. acknowledges that this is a "Retention Sale." No commissions on Crump Ins. accounts will be paid to Crump Ins. on any of Crump Ins. expirations that are not accepted and/or renewed by Millet Ins.
Millet testified that a "Retention Sale" meant that he and Crump never made an inventory of the amounts forthcoming on the transferred accounts. Therefore, Crump would receive 50% of whatever the renewal payment was for a period of three years of the expiration of the current policy held by the policyholder. He stated this period was still ongoing as of the date of trial. Trial was held January 19, 1996. No testimony or evidence was introduced giving the actual ending date of Millet's agreement to pay Crumb 50% commission on renewals. Appellee explained in his brief that the restrictive covenants extend for a period of "two (2) years from the completion of the sale on each transferred account."
The restrictive covenant provides in section 2:
2. Crump Ins. and/or Bettie J. Loyd Crump will not, for a period of two(2) years after the ending date of this agreement and during the agreement period, solicit, accept, or in any manner transact business with or for any of the accounts being sold except as a producer of Millet Ins. within the parishes of St. John the Baptist, St. Charles and St. James.
Thus, the non-competition/non-solicitation clauses of the contract contemplate extending the restrictive covenants beyond two years from the date of the sale of April 14, 1994.
The non-solicitation and non-competition clauses in the sales agreement extended beyond two years after the sale. Therefore, under the clear wording of La.R.S. 23:921, the contract is null and void and unenforceable. See also Cellular One, Inc. v. Boyd, 94-1783, 94-1784 (La.App. 1st Cir. 3/3/95) 653 So.2d 30, writ denied, 95-1367 (La.9/15/95) 660 So.2d 449. La.R.S. 23:921(A) and (B) provide:
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
B. Any person, including a corporation and the individual shareholders of such corporation, who sells the goodwill of a *135 business may agree with the buyer that the seller will refrain from carrying on or engaging in a business similar to the business being sold or from soliciting customers of the business being sold within a specified parish or parishes, or municipality or municipalities, or parts thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein, not to exceed a period of two years from the date of sale.
Louisiana has a strong public policy against non-competition agreements. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984). Furthermore, we have made no distinction between non-compete clauses and non-solicitation clauses. Maestri v. Destrehan Veterinary Hosp., Inc. 554 So.2d 805, 810 (La.App. 5 Cir.1989), appeal after remand, 94-1030 (La.App. 5th Cir. 3/28/95) 653 So.2d 1241, writ denied, 95-1534 (La.9/29/95) 660 So.2d 879.
In Maestri v. Destrehan Veterinary Hosp., Inc. 554 So.2d 805, 810 (La.App. 5 Cir.1989) we followed NCH Corp. v. Broyles, 749 F.2d 247 (5th Cir.1985) which held an agreement "not to use confidential information is enforceable if ... the information used is in fact confidential." Broyles at 253. The United States Fifth Circuit Court of Appeals held that although a contract not to compete is invalid, an agreement not to disclose confidential information may not be. Id. at 253. Millet also sought injunctive relief under the UTSA. La.R.S. 51:1431 et. seq. The next issue is whether the information is confidential and a trade secret under that act. "The threshold inquiry in every trade secrecy case is whether a legally protectable trade secret exists in fact." Walker v. Louisiana Health Management Co., 94-1396 (La. App. 1st Cir. 12/15/96) 666 So.2d 415, 421, writ denied, 96-0571 (La.4/19/96) 671 So.2d 922. We have held in Corrosion Specialties and Supply, Inc. v. Dicharry, 93-196 (La. App. 5th Cir. 2/9/94) 631 So.2d 1389, 1391, writ denied, 94-0597 (La.3/25/94) 635 So.2d 242 that "Whether or not something constitutes a trade secret is a question of fact." We conclude for the following reasons the trial judge was manifestly erroneous in concluding the customer lists were trade secrets under the act.

TRADE SECRETS
La.R.S. 51:1431 of the UTSA defines "Trade Secret" as:
(4) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy [emphasis added.]
California has adopted the UTSA. In American Credit Indemnity Company v. Sacks, 213 Cal.App.3d 622, 262 Cal.Rptr. 92 (Cal.App. 2nd 1989) the court explained at 630, 262 Cal.Rptr. 92:
The stated purpose of the UTSA is to provide "unitary definitions of trade secret and trade secret misappropriation, and a single statute of limitations for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law. The Uniform Act also codifies the results of the better reasoned cases concerning the remedies for trade secret misappropriation." (Commissioners' Prefatory Note to Uniform Trade Secrets Act, 14 West (U.L.A.) 537, 538.)
The non-competition portion of the contract provides:
1. Crump Ins. agrees that all information pertaining to Crump Ins. Accounts sold to Millet Ins. is confidential and to be regarded as Trade Secrets [emphasis added].
Another provision of the agreement states:
12. During the period of the agreement, Bettie J. Loyd Crump shall have the right to audit all Crump Ins. accounts on a monthly basis [emphasis added].
On the one hand, the accounts are to be treated as confidential and trade secrets and *136 yet on the other hand Crump is to have monthly access to the files. The testimony at trial established that Crump was allowed access to these files in order to conduct her audit. Thus, these files were not treated as confidential or as trade secrets. The information was therefore not confidential.
Additionally, although the parties referred to the accounts sold by Crump as confidential and trade secrets, the testimony at trial establishes these were not confidential. Crump testified she has been in the insurance business for more than 10 years. Her former clients have called her to ask her where they should go for insurance. Thus, through her former clients contacting her she could obtain information regarding their renewal dates and other information. She also testified she could recall information about renewals on some of her former clients because of the long-term relationship with them through her business as well as socially.
Millet sought to protect the following information: names, addresses, and time of renewal. He admitted that the insurance company and the policyholder have this information. In Engineered Mechanical Services, Inc. v. Langlois, 464 So.2d 329 (La. App. 1 Cir.1984), writ denied, 467 So.2d 531 (La.1985) the court noted that Louisiana courts have looked to the common law to assist in determining what constitutes a trade secret. Indiana has adopted the UTSA. In Prudential Insurance Company of America v. Baker, 499 N.E.2d 1152 (Ind. App. 3rd 1986) the Indiana appellate court explained that information regarding policyholders is generally not confidential since that information is "readily obtainable from the policyholders, the policies, and from the insurance company." Baker at 1154. Although the Baker court recognized that such lists may constitute a trade secret, it held that under factual circumstances whereby the information is not confidential, it is not a trade secret under the act. The instant case indicates that the material sought to be protected, however, was not confidential and not trade secrets.
Similarly, in Pontchartrain Med. v. Roche Biomed. Lab., 95-2260 (La.App. 1st Cir. 6/28/96) 677 So.2d 1086 the court held at 1090:
A customer list or special pricing list may be a trade secret if efforts are made to maintain its secrecy.

Additionally, in Pearce v. Austin, 465 So.2d 868 (La.App. 2nd Cir.1985) a former employee had not breached a confidential relationship by relying on his memory to solicit clients. In Pearce the court would not enjoin the employee based on the allegation that customer information was alleged to be trade secrets.
Accordingly, for the reasons stated, the judgment is reversed and all injunctions are dissolved. Bettie J. Loyd Crump and American ESI Crump Insurance Agency, Inc. are no longer proscribed from pursuing insurance business proscribed by the invalid restrictive covenants. Judgment is now rendered in favor of Bettie J. Loyd Crump and American ESI Crump Insurance Agency, Inc. and against David W. Millet, Sr. d/b/a Dave Millet Insurance Agency dismissing the claims of David W. Millet, Sr. d/b/a Dave Millet Insurance Agency with prejudice. Appellee is to pay costs.
REVERSED AND RENDERED; INJUNCTIONS DISSOLVED.
NOTES
[1] Millet filed a motion to dismiss the appeal arguing the appeal was taken 34 days after a judgment on a preliminary injunction and was therefore untimely. La.Code Civ. Proc. art. 3612 provides in pertinent part:

[A]n appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided [emphasis added.]
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.
On October 3, 1996 this court denied the motion to dismiss since the judgment appealed from was a judgment granting a permanent injunction and not a preliminary injunction. Therefore, the appeal was timely.