L CARAWAY, J.
After the death of her husband, plaintiff filed suit against the insurer, the auto dealer that allegedly issued the policy, and the finance company, for the proceeds of a credit life insurance policy in the parish of her domicile. The auto dealer and finance company filed exceptions of improper ven *1232 ue which the trial court denied, and they appeal. Finding that the separate cumu-lated actions against the defendants require different venues, we reverse the trial court’s ruling and grant appellants’ exceptions.

Plaintiffs Allegations of Fact

Diane 0. Loftin (“Loftin”) and her late husband, Jerry L. Loftin, purchased a new vehicle from Champion Imports, L.L.C. (“Champion”) in Caddo Parish, in December, 1999. The Loftins financed it through Mitsubishi Motors Credit of America, Inc. (“Mitsubishi”). They allegedly signed a blank retail installment contract providing for repayment of Mitsubishi’s loan. The amount financed included a $1,725.22 premium for credit life insurance coverage through Guarantee Trust Life Insurance Company (“Guarantee”). Loftin and her husband allegedly signed a partially blank application for the insurance coverage. Champion’s employees told them that if either should die, Mitsubishi’s loan would be paid. Champion informed the Loftins that they would receive copies of both the installment contract and a certificate of insurance once completed.
Jerry Loftin died on March 27, 2000. The petition alleges that he was the family’s “main bread winner,” and that Loftin would not have had sufficient income to qualify for the vehicle’s financing without combining her husband’s income.
|2A few weeks later, Loftin requested copies of the signed paperwork which she had never received from Champion. After submitting the claim form, Guarantee informed her that no policy existed for her husband, although apparently one did exist for her.
Loftin asserts that Champion negligently failed to complete the insurance application that she and her husband signed. Her petition alleged that Champion’s employees acted as agents for Guarantee. She claims damages for mental anguish from Champion and Guarantee, and statutory penalties and attorney’s fees for Guarantee’s refusal to pay the policy proceeds.
Without the insurance coverage, Loftin alleges that she can not make monthly payments for the vehicle. Therefore, she seeks an injunction restraining Mitsubishi from enforcing its rights under the retail installment contract.

Procedural History

Guarantee answered Loftin’s petition with a general denial, without objecting to venue. Champion appeared for the sole purpose of excepting to venue, arguing that a domestic limited liability company is amenable to suit in the parish where it has its principal place of business, namely Cad-do Parish. Alternatively, any liability arising under the contracts would make venue proper in Caddo Parish.
Mitsubishi also objected to venue, arguing that a foreign corporation authorized to do business in Louisiana is amenable to suit in the parish indicated as its principal business establishment or the parish in which the alleged negligent acts or omissions occurred.
laThe trial court denied Mitsubishi’s and Champion’s exceptions to venue, finding the proper venue for all three defendants to be DeSoto Parish. It is from this judgment that Mitsubishi and Champion appeal.

Discussion

Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. The general rules of venue enunciated in La. C.C.P. art. 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law. La. C.C.P. art. 43. These exceptions have been held to be “part and parcel” of the general venue rule *1233 and are no longer strictly construed. Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App.2d Cir.11/1/00), 779 So.2d 817. If the grounds for the objection of improper venue do not appear on the face of the plaintiffs petition, the burden is on the defendant to offer evidence in support of his position. Id.
The following articles concerning venue apply in cases involving cumulation of separate actions, as addressed by La. C.C.P. art. 461, et seq. La. C.C.P. art. 463 states:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.
|4La. C.C.P. art. 464 reads, in part:
When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
* * *
In this case, the defendants offered no evidence but simply challenged plaintiffs choice of venue based upon the allegations of the petition. Accepting those allegations as true, we address venue as a question of law.
The trial court viewed all of the defendants as solidary obligors and based its venue ruling on Article 76, which provides for venue in a suit for the proceeds of a life insurance policy, and the Article 73 venue provision for solidary obligors. La. C.C.P. art. 76 reads, in part:
An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.
La. C.C.P. art. 73(A) provides:
An action against joint or solidary obli-gors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
A plaintiff defending against an exception of venue by invoking the provisions of Article 73 must allege sufficient facts to prove that the venue chosen is the proper venue for at least one of the joint or solidary obligors. Strasner v. State, 99-1099 (La.App. 1st Cir.6/23/00), 762 So.2d 1206, 1209, writ denied, 2000-2195 (La.10/27/00), 772 So.2d 125.
|sWe initially consider venue for appellants’ co-defendant, Guarantee, and agree that the plaintiffs petition, construed from its pleadings of fact, alleges a cause of action against Guarantee on the life insurance contract. The allegations state that Mr. and Mrs. Loftin both signed one application for credit life insurance, were promised a certificate of insurance, and were informed by Champion that they were covered. In presenting its venue exception, Champion did not offer the application or any other evidence disputing these claims. Therefore, plaintiffs allegations are sufficient to set forth a possible cause of action on the life insurance policy based upon Champion’s representations as Guarantee’s agent. See, McKenzie & Johnson, Vol. 15, Louisiana Civil Law Treatise, *1234 § 254 (West, 2d Ed.1996); Futrell v. Premiere Life Ins. Co., 526 So.2d 1382 (La.App. 2d Cir.1988); Flaherty v. Gulfco Life Ins. Co., 327 So.2d 436 (La.App. 3d Cir.1976); Woods v. Integon Life Ins. Corp., 507 So.2d 259 (La.App. 3d Cir.1987). Thus, La. C.C.P. art. 76 venue for suits on life insurance policies would apply to the claim against Guarantee.
In contrast to plaintiffs claim in contract against Guarantee for the life insurance proceeds, the petition also asserts an inconsistent and alternative claim against Champion in tort, for negligent failure to issue the policy. Significantly, if the claim on the policy succeeds against Guarantee, then Champion, as Guarantee’s agent, will not be liable. An agent who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract. La. C.C. art. 3016. Therefore, regarding plaintiffs claim on the life insurance policy, we find no basis for the trial court’s ruling that Guarantee and Champion |¿were solidarity obligors in a manner such that La. C.C.P. art. 73 venue might apply.
Second, viewing plaintiffs alternative action as a claim in tort against Champion, there are no allegations indicating that an employer/employee relationship exists between Champion and Guarantee. In the absence of an employer/employee relationship, Guarantee is not vicariously liable for the alleged negligence of its non-servant agent, Champion. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968); Verret on Behalf of Gatlin v. Scott, 470 So.2d 228 (La.App. 4th Cir.1985). Thus, we find the Article 73 venue for solidary obligors, with its limited allowance for venue in the plaintiffs domicile, inapplicable.
Summarizing the above analysis of plaintiffs claims against Guarantee and Champion, we find that plaintiff has cumulated two alternative actions: one action in contract on the policy against Guarantee, and the second, alternative action in tort against Champion. Under the provisions for cumulated actions, separate actions may be joined in one suit against multiple defendants if venue is proper for each action. La. C.C.P. arts. 461 and 463. When venue is improper as to one of the cumulated actions, that action shall be dismissed. La. C.C.P. art. 464. In this case, we find that while venue is proper in De-Soto Parish under Article 76 for plaintiffs claim against Guarantee on the life insurance policy, it is not proper for plaintiffs claim against Champion. A claim in tort against Champion must be brought in the parish of the defendant’s domicile under Article 42, or where the wrongful conduct occurred, under Article 74. The ^allegations of the petition indicate that Caddo Parish is the proper venue for plaintiffs claim against Champion.
Finally, plaintiffs claim against Mitsubishi exhibits no relationship whatsoever to the claim on Guarantee’s life insurance policy. Thus, the trial court’s ruling that Mitsubishi is alleged to be a solidary obligor with Guarantee was likewise in error. Moreover, plaintiffs petition seeks no personal liability for damages against Mitsubishi, but requests injunctive relief only. The petition describes Mitsubishi as a foreign corporation doing business in Louisiana, with its agent for service of process located in East Baton Rouge Parish. The retail installment contract for the purchase of the automobile was confected in Caddo Parish. Under these facts, venue in DeSo-to Parish for the plaintiffs claim against Mitsubishi was likewise improper.

Conclusion

The trial court’s rejection of appellants’ exceptions of improper venue was in error. The exceptions are hereby granted, and plaintiffs claims against Champion and *1235 Mitsubishi are dismissed. Costs of appeal are assessed to appellee.
REVERSED.