MOORE, J.
|2Southern Industrial Contractors (“Southern”) appeals a summary judgment that dismissed its claims against Western Builders of Amarillo Inc. and Western Builders’ attorney, John Hoychick Jr. We affirm.

Procedural Background

In previous litigation in the Fifth JDC, Western Builders, represented by Hoy-chick, sued Southern and other defendants, including Aztec Paving. In August 2006 the parties jointly moved to seal the record and simultaneously executed a settlement agreement containing a confidentiality clause:
Further, as a material part of the settlement, Western, its representatives, * ⅞ * an(j ⅛ attorneys covenant and agree not to initiate contact with or share or reveal any information * * * concerning this lawsuit or the terms of this settlement with any creditor of Defendants or other third party, other than to respond to any inquiry by reporting that the case was resolved by agreement!.]
According to Southern, in August 2009, Hoychick sent a letter to attorney Charles Tutt advising that Western Builders had sued Southern. He further told Tutt:
While Western Builders did not get all of its judgment, it received a substantial portion of it. Part of the ongoing litigation was showing that the various defendants were in a conspiracy to hide assets and that Aztec Paving and Southern * * ⅜ were actUally one in the same.
Southern filed the instant suit against Western Builders and Hoychick in the Fifth JDC eight days later, alleging that both defendants breached the confidentiality clause. Southern alleged that this breach caused it to be disqualified from bidding on a Caddo-Bossier Parishes Port Commission project, and demanded damages equal to the profits it would have earned had it won the contract.
Hoychick filed a motion for summary judgment; Western Builders, represented by the same counsel, later filed its own motion for summary judgment which virtually mirrored Hoyehick’s. In support, they filed Tutt’s affidavit. Tutt, counsel for the Port Commission, stated that he had defended the Commission in suits filed by Southern and its principals, Samuel and Thuy P. Estis, for breach of contract and personal injury; in the course of | ..¡discovery he learned that Southern also operated under the name of Aztec Paving; when he heard that Western Builders had sued Southern and Aztec Paving, he asked Hoychick about the case; Hoychick responded, but aside from saying that the claim had been settled, gave him (Tutt) only information he already knew. Tutt *310 also averred that the Commission rejected Southern’s bid not because of Hoychick’s disclosures but because the bid was nonre-sponsive.
Southern opposed the motions, arguing that summary judgment was improper because no discovery had been taken. On the merits, it argued that regardless of what Tutt already knew, Hoychick breached the confidentiality clause by disclosing that Western Builders received a “substantial portion” of its claim and that Southern and Aztec Paving “were in a conspiracy to hide assets.” Southern suggests that this left genuine issues such as why Hoychick wrote the letter, whether he forgot about the confidentiality clause or maliciously flouted it, and whether he intended to support Tutt’s effort to disqualify Southern from the port project. In support, Southern attached the affidavit of its principal, Samuel Estis, who stated that to his personal knowledge, Tutt published Hoy-chick’s disclosures to third parties, thereby damaging his company’s reputation.
In response, Western Builders and Hoy-chick argued that Southern failed to allege what additional discovery was needed; defamation was an unauthorized expansion of the pleadings; and Estis’s affidavit was hearsay of which he could not have personal knowledge. They also argued that Tutt’s affidavit was completely uncontra-dicted.
After a hearing in February 2010, the district court issued a 5’/2-page opinion granting summary judgment. Southern has appealed, raising one assignment of error.

Applicable Law

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief sought by a litigant. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is 14entitled to judgment as a matter of law. La. C.G.P. art. 966 B. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966 C(l). While parties should be given a fair opportunity to present their claims, there is no absolute right to delay action on a motion for summary judgment until discovery is completed. Johnson v. Littleton, 45,328 (La.App. 2 Cir. 5/19/10), 37 So.3d 542. Unless a plaintiff shows probable injustice, the suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Id.
The party moving for summary judgment need not negate every essential element of the opponent’s claim, action or defense; he need only point out the absence of factual support for one or more essential element. La. C.C.P. art. 966 C(2). If the opponent then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact. Id.; Babin v. Winn-Dixie La., 2000-0078 (La.6/30/00), 764 So.2d 37.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967 A. When the motion for summary judgment is made and properly supported, the opponent may not rest on the allegations or denials of his petition, but must *311 set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967 B; Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226; Johnson v. Littleton, supra.
Appellate courts review summary judgments de novo, using the same criteria that govern the district court’s decision to grant or deny the motion. Hill v. Shelter Mutual Ins. Co., 2005-1783 (La.7/10/06), 935 So.2d 691.
Louisiana courts will enforce an agreement not to use confidential information “if the information used is in fact confidential.” Millet v. Crump, 96-639 (La.App. 5 Cir. 12/30/96), 687 So.2d 132; NCH Corp. v. Broyles, 749 F.2d 247 (5 Cir.1985).
- A plaintiff alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706. The plaintiff must allege, inter alia, specific defamatory statements. Badeaux v. Southwest Computer Bureau Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211.

Discussion

By its sole assignment of error, Southern urges that summary judgment was improper when liability was admitted and factual issues existed as to whether Southern suffered any damage. It contends that “without question” Hoychick’s letter to Tutt violated the confidentiality clause by disclosing any information, regardless of whether Tutt already had that information. It also contends that Tutt could not have known that Western Builders got a “substantial portion” of its claim. With proof of the breach, Southern contends that unresolved issues remain.[1] It also asserts that Hoychick violated Rules of Professional Conduct, that “no discovery of any kind has been conducted,” making summary judgment improper, and that Western Builders may be vicariously liable for the intentional acts of its agent, Hoy-chick.
At the outset, we observe that Tutt stated in affidavit that he already had the information conveyed by Hoychick, and nothing in Southern’s opposition contradicted him. On this record, we question whether “the information used is in fact confidential,” warranting a finding that Hoychick violated the clause. Millet v. Crump, supra; NCH Corp. v. Broyles, supra.
Even assuming that a technical violation occurred, we still find no genuine issue of material fact. Southern alleged that it was disqualified, as a result of Hoychick’s disclosure, from bidding on a Caddo-Bossier Parishes Port Commission project and suffered damages equal to the profits it would have earned had it won the contract. However, the chairman of the Port Commission stated in affidavit that Southern’s bid was rejected not because Lof any disclosures by Hoychick but because the bid was nonresponsive. The letter from Southern’s counsel to the Port Commission, attached to Tutt’s affidavit, confirmed that the disqualification was based not on Southern’s lack of responsibility but because the bid was nonrespon-sive. In short, the defendants have shown that even if there was a breach, it resulted in no damages to Southern. The burden *312 thus shifted to Southern to show a genuine issue for trial.
Southern argues that the affidavit of Samuel Estis established such issues, as it alleged that Hoychick’s letter had been published to other third parties or was made public, and the information therein circulated among representatives of the construction surety industry and to public officials. Estis’s affidavit, however, does not satisfy Art. 967 B, in that the allegations are not based on his personal knowledge and do not assert facts that would withstand a hearsay objection. The affidavit or deposition of any person to whom the information was disseminated could have established this, but Estis’s affidavit is conclusory and little more than speculative. On de novo review we find that Southern has failed to produce factual support sufficient to establish its evidentiary burden at trial. The district court did not err in granting the summary judgment.
Southern also advances a number of subordinate arguments which may be addressed summarily.
Southern asserts that its damages were not limited to the loss of the Port Commission contract but encompassed harm to its business reputation and ability to work. These claims also derive from portions of Estis’s affidavit that are patently not based on personal knowledge and do not establish a genuine issue of material fact. Moreover, to the extent that Southern is urging a cause of action for defamation, the petition fails to allege “with reasonable specificity the defamatory statements allegedly published by the defendant.” Fitzgerald v. Tucker, supra. Specifically, the petition does not allege that Hoychick’s disclosures were false. This argument lacks merit.
Southern next argues that “no discovery of any kind has been conducted,” making summary judgment inappropriate under La. C.C.P. art. 966 C(l). Southern filed this suit on August 26, 2009; Hoy-chick moved for |7summary judgment on December 15, 2009, and Western Builders did the same on January 19, 2010; hearing on the motions was fixed for February 22. Southern filed an opposition on February 12, stating that it needed to conduct discovery, but neither alleging what discovery it wished to pursue nor requesting a continuance. As noted, the opponent has no absolute right to delay action on the motion for summary judgment until discovery is completed; absent a showing of probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Johnson v. Littleton, supra. While the instant hearing may have been sooner than the norm, only six months after suit was filed and 10 weeks after the first motion for summary judgment, it was not so short as to preclude sufficient discovery; notably, Southern obtained Estis’s affidavit and other documents before the hearing was held. We find no violation of Art. 966 C(l).
Finally, Southern argues that as a principal, Western Builders may be vicariously liable for the intentional torts of its agent, Hoychick. Hoychick conceded that he represented Western Builders and made the disclosure to Tutt. However, the record does not show that Hoychick signed the confidentiality clause; the partial copy of the settlement agreement attached to Southern’s opposition shows that the agent signing on behalf of Western Builders was Wesley Clay Knapp, not Hoychick. Southern has not produced evidence showing that it could prove that Hoychick inten *313 tionally violated the clause.[2] This argument lacks merit.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid by Southern Industrial Contractors LLC.
AFFIRMED.

. These are listed as (1) whether the letter damaged Southern’s reputation and ability to work, (2) whether the information in the letter circulated to other people in the construction industry, damaging Southern, and (3) whether Hoychick’s disclosure of a "conspiracy to hide assets” was false or misleading.

. In support of the novel argument that a principal may be vicariously liable for the intentional acts of its agent, Southern cites Jones v. Thomas, 426 So.2d 609 (La.1983). That case, however, involved an employee who struck the plaintiff, a coworker, in the head during working hours: the court found, unremarkably, that the negligent or intentional acts of an employee make the employer vicariously liable (the actual issue was immunity from tort under the workers' compensation statute, R.S. 23:1032). Jones v. Thomas does not announce a rule of vicarious liability for the acts of an agent. In fact, a principal is usually not liable for the physical torts of a nonservant agent. Joseph v. Dickerson, 99-1188 (La.1/19/00), 754 So.2d 912; Loftin v. Champion Imports LLC, 35,619 (La.App. 2 Cir. 2/27/02), 810 So.2d 1230.