882 So.2d 686 (2004)
Eric PATRICK and Alvin Hebert, Plaintiffs-Appellants
v.
Bobby J. POISSO, The City of Winnfield, Louisiana and ABC Insurance Company, Defendants-Appellees.
No. 38,841-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
*688 Decuir & Clark, by Winston G. Decuir, Sr., for Appellants.
Hudson, Potts & Bernstein, by Jay P. Adams, Monroe, for Appellee City of Winnfield.
Before BROWN, STEWART and GASKINS, JJ.
GASKINS, J.
The plaintiffs, Eric Patrick and Alvin Hebert, appeal a trial court decision granting summary judgment in favor of the City of Winnfield (Winnfield), dismissing their claims for assault and battery allegedly committed by a Winnfield police officer, Bobby J. Poisso. For the following reasons, we affirm the trial court judgment.

FACTS
At the time of this incident on November 26, 1989, the plaintiffs were students at Grambling State University. That Sunday evening, they were returning to school from New Orleans in Mr. Patrick's automobile which had Ohio license plates. The lights on the vehicle would only operate on high beam. Mr. Patrick stated that he tried to pass vehicles to avoid driving behind them with his bright lights on. Bobby J. Poisso, a police officer for the City of Winnfield, was off duty, in his private vehicle, returning from a trip to south Louisiana with his wife and two small children.
Mr. Patrick ended up behind Mr. Poisso with his bright lights on. At one point, Mr. Patrick passed Mr. Poisso and continued on his journey. Mr. Poisso stopped briefly at his parent's home, then continued north. Mr. Patrick again came up behind Mr. Poisso with his bright lights *689 on. Mr. Patrick passed Mr. Poisso again near Dodson, Louisiana, approximately ten miles north of Winnfield. When Mr. Poisso flashed his bright lights, Mr. Patrick made a gesture that he contends was meant to prompt Mr. Poisso to dim his lights.
Mr. Poisso became very angry and attempted to stop Mr. Patrick. Mr. Poisso drove along-side Mr. Patrick's vehicle, displayed his police badge, and ordered Mr. Patrick to pull over. Both men got out of their vehicles. Mr. Hebert remained in the car. Mr. Poisso was armed with a gun and a flashlight.
Mr. Patrick alleged that Mr. Poisso cursed, shouted racial insults and threats, and struck him in the face with either the gun or the flashlight, causing severe injury and the permanent partial loss of vision in one eye. Mr. Poisso then smashed one of the headlights on Mr. Patrick's car and mutilated his Ohio license plate. Mr. Patrick claims that Mr. Poisso threatened Mr. Hebert, telling him to remain in the vehicle. Mr. Poisso left the scene.
In 1990, Mr. Patrick and Mr. Hebert filed the present suit against Mr. Poisso, the City of Winnfield, and ABC Insurance Company. The plaintiffs claimed that Winnfield was on notice of Mr. Poisso's dangerous propensities and his treatment of non-white persons. They asserted that Winnfield was negligent in hiring and training Mr. Poisso and that he acted in the course and scope of his employment in this matter, making Winnfield vicariously liable for his actions.
On June 20, 2003, Winnfield filed a motion for summary judgment, asserting that Mr. Poisso's actions did not occur during the course and scope of his employment as a Winnfield police officer. Winnfield maintained that this was a personal dispute unrelated to Mr. Poisso's official duties. The plaintiffs filed an opposition to the motion for summary judgment, claiming that Mr. Poisso's actions occurred in the course and scope of his employment and that he was acting in furtherance of his employer's objectives when he damaged the plaintiffs. They contended that the damage occurred only because the plaintiffs recognized Mr. Poisso as a police officer. According to the plaintiffs, Winnfield was negligent in the hiring and training of Mr. Poisso. They reasoned that he could not have used his badge to pull them over if he had not been hired by Winnfield. They urged that no harm would have occurred if Mr. Poisso had been properly trained by Winnfield.
On January 5, 2004, the trial court granted summary judgment in favor of Winnfield, dismissing the plaintiffs' claims against it. In finding that Mr. Poisso was not acting in the course and scope of his employment, the court stated that the use of the badge to pull the plaintiffs over was not determinative. Further, the court found that the incident did not take place in the city limits of Winnfield. On January 30, 2004, the matter was certified as a final judgment.
The plaintiffs appealed, arguing that the trial court erred in the standard used in granting Winnfield's motion for summary judgment. They also contend that the trial court erred in finding that Mr. Poisso acted outside the course and scope of his employment and in dismissing the claim of negligent hiring against Winnfield.

SUMMARY JUDGMENT  COURSE AND SCOPE OF EMPLOYMENT
In essence, the plaintiffs contend that the trial court erred in granting summary judgment in this matter because there are disputed issues of material fact. The plaintiffs point out that Mr. Poisso was a police officer, he used his badge to *690 make the traffic stop, he identified himself as a police officer, and the plaintiffs would not have stopped otherwise. Because Mr. Poisso stopped Mr. Patrick for the traffic offenses he witnessed, the plaintiffs contend that Mr. Poisso was acting in the course and scope of his employment. Therefore, the plaintiffs assert that there is a disputed issue of material fact as to whether Mr. Poisso was acting in the course and scope of his employment.
The plaintiffs also argue that the issue of whether Mr. Poisso was acting in the course and scope of his employment is a factual issue, not to be decided on a motion for summary judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966A(2); Magnon v. Collins, 1998-2822 (La.7/7/99), 739 So.2d 191; Stacy v. Minit Oil Change, Inc., 38,439 (La.App.2d Cir.5/12/04), 874 So.2d 384.
A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Garsee v. Bowie, 37,444 (La.App.2d Cir.8/20/03), 852 So.2d 1156.
The mover has the burden of establishing the absence of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. La. C.C.P. art. 966C(2).
Once the mover makes a prima facie showing that there is no genuine issue of material fact, the opponent must produce factual support to avert the summary judgment. Garsee v. Bowie, supra.
The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence which could satisfy his evidentiary burden of proof at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. Garsee v. Bowie, supra.
On such a showing, summary judgment procedure may resolve a claim of vicarious liability arising from the intentional tort of an employee, allegedly acting within the course and scope of employment. Wearrien v. Viverette, 35,446 (La.App. 2 Cir. 12/5/01), 803 So.2d 297; Eichelberger v. Sidney, 34,040 (La.App.2d Cir.11/3/00), 771 So.2d 863, writ denied, XXXX-XXXX (La.2/9/01), 785 So.2d 827; Dickerson v. Piccadilly Restaurants, 1999-2633 (La.App. 1st Cir.12/22/00), 785 So.2d 842; Pye v. Insulation Technologies Inc., 1997-237 (La.App. 5 Cir. 9/17/97), 700 So.2d 892, writ denied, 1997-2571 (La.12/19/97), 706 So.2d 461; Stacy v. Minit Oil Change, Inc., supra.
An employer is liable for a tort committed by its employee if, at the time, *691 the employee was acting within the course and scope of his employment. La. C.C. art. 2320; Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994; Orgeron on Behalf of Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224. The course of employment refers to time and place. The scope of employment test examines the employment-related risk of injury. For the employer to be vicariously liable, the tortious conduct of the employee must be "so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." Stacy v. Minit Oil Change, Inc., supra, and cases cited therein. An employer is not vicariously liable merely because its employee commits an intentional tort on the business premises during working hours. Scott v. Commercial Union Ins. Co., 415 So.2d 327 (La.App. 2 Cir.1982); Stacy v. Minit Oil Change, Inc., supra.
In LeBrane v. Lewis, 292 So.2d 216 (La.1974), the court articulated four factors in holding an employer liable for its supervisor's actions in stabbing a fellow employee:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
The supreme court has subsequently held that not all four of these factors need be met to impose liability. Miller v. Keating, 349 So.2d 265 (La.1977); Stacy v. Minit Oil Change, Inc., supra. A finding of course of employment, factors (3) and (4), without more, is insufficient to impose vicarious liability. A finding of scope of employment hinges on the predominant motive of the tortfeasing employee, whether the purpose of serving the employer's business actuated the employee to any appreciable extent. Stacy v. Minit Oil Change, Inc., supra.
Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. Duplantis v. Dillard's Department Store, XXXX-XXXX (La.App. 1st Cir.5/9/03), 849 So.2d 675, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350.
The mere display of a badge and the representation as a police officer, without more, are insufficient to establish employment-rooted conduct. Brasseaux v. Town of Mamou, XXXX-XXXX (La.1/19/00), 752 So.2d 815. See also Doe v. Louisiana Municipal Association, 99-539 (La.App. 5th Cir. 10/26/99), 746 So.2d 179; Russell v. Noullet, XXXX-XXXX (La.12/1/98), 721 So.2d 868.
The plaintiffs have failed to show that a genuine issue of material fact exists as to whether Mr. Poisso was acting in the course and scope of his employment, making Winnfield vicariously liable for his actions in this case. Mr. Poisso was employed as a police officer for Winnfield. He stopped Mr. Patrick's vehicle approximately ten miles outside Winnfield as the parties were traveling north, away from town. Mr. Poisso was not on duty at the time. There is no showing that Mr. Poisso *692 had a duty to stop motorists outside the city limits of Winnfield for driving offenses, that he intended to ticket or arrest Mr. Patrick, or that he had the authority to do so. The record fails to show that Mr. Poisso's actions were motivated by his employment, duties, or service to Winnfield. He acted solely based upon his own personal motives.
No genuine issue of material fact exists which would allow the plaintiffs to sustain their burden of proof at trial on their vicarious liability claim. The tort allegedly committed against the plaintiffs was not primarily rooted in Mr. Poisso's employment, was not incidental to the performance of his duties as a Winnfield police officer, did not occur on the employer's premises, and did not occur during his hours of employment. Nothing in the record shows that Mr. Poisso was serving the interests of Winnfield when this incident occurred. As noted by the trial court, the use of his badge to pull the plaintiffs over is not sufficient to establish vicarious liability on the part of Winnfield. Accordingly, we find that the trial court was correct in finding that Winnfield was not vicariously liable for Mr. Poisso's actions and in granting summary judgment in favor of Winnfield.

NEGLIGENT HIRING
The plaintiffs argue that the trial court erred in finding that Winnfield was not liable for the negligent hiring of Mr. Poisso. They contend that Winnfield failed to present evidence of the training, evaluation, or screening of Mr. Poisso. They urge that the entire record is filled with inappropriate police action on his part. The plaintiffs conclude that there are no objective facts upon which the trial court could have concluded that the claim of negligent hiring should be dismissed as a matter of law.
Winnfield acknowledges that this argument was not specifically addressed by the trial court in its reasons for judgment. However, it contends that it cited to the court cases on the issue of negligent hiring and that the court indicated that it considered them. Winnfield claims that the court was not required to give reasons for its decision to grant summary judgment. Therefore, failure to discuss this issue is not significant.
To prevail on a negligence claim under La. Civil Code arts. 2315 and 2316, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). Roberts v. Benoit, 605 So.2d 1032 (La. 1991). A negative answer to any of the above inquiries will result in the determination of no liability. Smith v. Lafayette Parish Sheriff's Department, 2003-517 (La.App. 3d Cir.4/21/04), 874 So.2d 863.
Although the trial court made no explicit findings regarding this argument, our review of the documents submitted shows that the plaintiffs have failed to demonstrate a genuine issue of material fact regarding Winnfield's hiring of Mr. Poisso. As stated earlier, this was simply a personal attack unrelated to Mr. Poisso's employment with Winnfield. Nothing in the record shows that Winnfield had any notice that an incident of this nature might occur. Mr. Poisso had never been arrested or charged with any crime prior to this incident. *693 There is also no showing that any training or lack thereof contributed to this incident in any way. The plaintiffs have failed to produce factual support to subvert the summary judgment.

CONCLUSION
For the reasons stated above, we affirm the ruling of the trial court, granting summary judgment in favor of the City of Winnfield, dismissing the claims of the plaintiffs, Eric Patrick and Alvin Hebert, arising from a personal attack committed by Bobby J. Poisso, a Winnfield police officer. Costs in this court are assessed to the plaintiffs.
AFFIRMED.