LOLLEY, J.
 

 |, Janika Johnson appeals the judgments of the 4th Judicial District Court, Parish of Ouachita, State of Louisiana in favor of Gilley Enterprises, Inc., the owner of a McDonald’s restaurant located in Monroe, Louisiana. For the following reasons, we affirm the trial court’s judgments sustaining Gilley Enterprises Inc.’s exception of prescription and motion for summary judgment.
 

 Facts
 

 On November 14, 2006, Janika Johnson, a customer of a McDonald’s restaurant owned by Gilley Enterprises, Inc. (“Gil-ley”), was involved in an altercation with an employee at the restaurant, Trukeeia Littleton. The two women were acquainted prior to the incident; in fact, there had been a history of ill-feeling between the two over a man (Johnson was dating the father of Littleton’s child). Johnson came into the restaurant and ordered some food; afterwards, she called Littleton to the counter. A conversation between the two ensued, with Littleton on one side of the counter and Johnson on the customer side of the counter. Karen Franklin, the store’s shift manager was on duty and in the vicinity of the counter. Gerald Poulin, a district manager for Gilley, was also in the store, but only because he happened to be there to get something to eat — i.e., he was not in the store in an official capacity. Poulin was also in the vicinity of the counter. At some point, the conversation between Johnson and Littleton became acrimonious, and they began to quarrel loudly. Quickly after the escalation of the conversation, Littleton reached across the counter and struck Johnson in the face. Franklin and Poulin, along with store employees, intervened. 12Franklin and a male employee grabbed Littleton, pulled her away and restrained her physically. Pou-lin instructed Johnson to leave the restaurant, and she walked to the exit. At that point, Franklin released Littleton, who immediately turned, picked up a cup, and dipped it into the open vat of hot grease. Littleton ran after Johnson and threw the hot grease on her. As a result, Johnson suffered serious burns on her face and body.
 

 Johnson filed suit against Littleton and Gilley on May 5, 2008.
 
 [1]
 
 She contended that Gilley was liable based on two theories of law: (1) Gilley managers were negligent in hiring, training and supervising Littleton and/or (2) Little-ton’s attack occurred in the course and scope of her employment, causing Gilley to be vicariously liable for her actions. Gilley answered Johnson’s lawsuit and filed a peremptory exception of prescription, claiming that all of Johnson’s causes of action had prescribed. The
 
 *545
 
 trial court granted Gilley’s exception as it pertained to the claims of its negligence, but denied the exception as it pertained to the alleged vicarious liability of Gilley. Subsequently, Gilley filed a motion for summary judgment seeking dismissal of Johnson’s remaining claims against it (i.e., the vicarious liability claims), arguing that Littleton was clearly acting outside of the course and scope of her employment. The trial court granted Gilley’s motion, and this appeal by Johnson ensued.
 

 IsDiscussion
 

 Prescription
 

 In her first assignment of error, Johnson argues that the trial court erred in concluding that La. C.C. art. 3493.10 was inapplicable to her claims of negligent hiring, training, and supervision. Johnson specifically argues that her claims were subject to a two-year prescriptive period under La. C.C. art. 3493.10, because her damage arose from the act of violence committed by Littleton. Therefore, she contends that this article applies, her claims were subject to a two-year prescriptive period, and her claims against Gilley were timely made.
 

 Generally, appellate review of a record following a hearing on exceptions is governed by manifest error when evidence has been introduced at a hearing.
 
 Cichirillo v. Avondale Industries, Inc.,
 
 2004-2894 (La.11/29/05), 917 So.2d 424. This includes exceptions of prescription. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
 
 Id.
 
 at 428. However, as this particular exception of prescription involves the interpretation of a statute, which is a question of law, we will review this matter using the
 
 de novo
 
 standard of review.
 
 See In re Succession of Smith,
 
 2009-969 (La.App. 3rd Cir.02/03/10), 29 So.3d 723.
 

 Louisiana C.C. art. 3493.10 states as follows:
 

 Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.
 

 14As stated, Johnson maintains that because her damage arose from the act of violence committed by Littleton, article 3493.10 applies, and her claims were subject to a two-year prescriptive period. We disagree.
 

 Article 3493.10 specifically states that it applies to “[djelictual actions which arise due to damages sustained as a result of an act defined as a crime of violence.... ” Here, there are two different tortious acts that Johnson claims caused her damages: first, Littleton’s assault and battery and Gilley’s resultant vicarious liability for its employee’s actions; and, second, Gilley’s ■alleged negligent hiring, training, and supervision of Littleton. There is no question that the claims of negligent hiring, training, and supervision against Gilley are separate and apart from the “act defined as a crime of violence.” They stand independently on their own.
 

 When we dissect this litigation, it is evident that although there is the seminal act by Littleton which precipitated Johnson’s lawsuit, there are two separate theories of law being advanced by Johnson against two separate tortfeasors. Johnson claims damages by Gilley not only for the intentional acts committed by Littleton, but for Gilley’s alleged negligent hiring, training, and supervision of Littleton. In fact, her petition very clearly sets forth the
 
 *546
 
 specific claims against the two separate tortfeasors. In
 
 Boland v. Kleinpeter,
 
 2001-3287 (La.06/21/02), 820 So.2d 489, the supreme court reasoned that the individual actions of the joint tortfeasors should be considered and not the entire action against both tortfeasors for the application of the two-year prescription of Article 3493.10. We apply the same reasoning here and conclude that the trial court correctly sustained |fiGilley’s exception of prescription as it pertained to the Johnson’s claims of negligent hiring, training, and supervision of Littleton.
 

 Vicarious Liability
 

 Johnson’s final assignments of error relate to the trial court’s grant of summary judgment in favor of Gilley on the issue of its vicarious liability for Little-ton’s actions. First, she questions whether the trial court erred in concluding, as a matter of law, that Littleton was not within the course and scope of her employment at the time of the attack. We believe the trial court’s determination on this issue was correct for the following reasons.
 
 [2]
 

 An employer can be vicariously ha-ble both for its own intentional acts and the intentional acts of its employees.
 
 Jones v. Thomas,
 
 426 So.2d 609 (La.1983). The employer’s liability, however, extends only to those acts which are within the course and scope of the injuring employee’s employment. La. C.C. art. 2320;
 
 Baumeister v. Plunkett,
 
 1995-2270 (La.05/21/96), 673 So.2d 994;
 
 Garcia v. Furnace and Tube Service, Inc.,
 
 40,517 (La.App.2d Cir.01/27/06), 921 So.2d 205.
 

 |fiThe course of employment refers to time and place. The scope of employment test examines the employment-related risk of injury. For the employer to be vicariously liable, the tortious conduct of the employee must be “so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer’s interest.”
 
 Garcia, supra; Stacy v. Minit Oil Change, Inc.,
 
 38,439 (La.App.2d Cir.05/12/04), 874 So.2d 384. An employer is not vicariously liable merely because its employee commits an intentional tort on the business premises during working hours.
 
 Garcia, supra.
 

 In
 
 LeBrane v. Lewis,
 
 292 So.2d 216 (La.1974), the Louisiana Su
 
 *547
 
 preme Court articulated four factors in holding an employer liable for its supervisor’s actions in stabbing a fellow employee:
 

 (1) whether the tortious act was primarily employment rooted;
 

 (2) whether the violence was reasonably incidental to the performance of the employee’s duties;
 

 (3) whether the act occurred on the employer’s premises; and,
 

 (4) whether it occurred during the hours of employment.
 

 Subsequently, the court has held that not all four of these factors need be met to impose liability.
 
 Miller v. Keating,
 
 349 So.2d 265 (La.1977);
 
 Garcia, supra.
 
 A finding of employment, factors (3) and (4), without more, is insufficient to impose vicarious liability. A finding of scope of employment hinges on the predominant motive of the tortfeasing employee, | ./whether the purpose of serving the employer’s business actuated the employee to any appreciable extent.
 
 Garcia, supra; Patrick v. Poisso,
 
 38,841 (La.App.2d Cir.09/22/04), 882 So.2d 686. Generally speaking, an employee’s conduct is within the course and scope of his employment if the conduct is of the kind he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.
 
 Id.
 

 Initially, we ask what was Littleton’s predominant motive and whether the purpose of serving Gilley’s business actuated the employee to any appreciable extent. The record show that Littleton and Johnson had an acrimonious relationship, stemming from the fact that Johnson dated the father of Littleton’s child. The two women had a violent history together as a result, with Littleton appearing to be the aggressor most of the time. It is evident from the record that her attack on Johnson was motivated by Littleton’s personal anger toward Johnson and was not motivated by service to Gilley.
 

 Notably, the trial court determined that there was no question that the first two
 
 LeBrane
 
 factors were not met, because it was clear that Littleton’s attack was motivated by purely personal considerations entirely extraneous to the employer’s interests. We agree. In her deposition, Johnson herself indicated that her conversation with Littleton was purely personal, and the two were engaged in a purely personal conversation, that ultimately soured, and resulted in Littleton’s attack on Johnson. Although Johnson had placed an order for food at the McDonald’s and was conducting some business | ¡¿here, Lit-tleton had not waited on Johnson. In fact, Johnson had to actually request that Lit-tleton come to the front counter. Little-ton’s attack was not related to Johnson’s order. Considering that the encounter between the two was purely personal, certainly Littleton’s physical attack on Johnson in no way furthered the objectives of business at this McDonald’s restaurant.
 

 We note that it is not disputed that the last two
 
 LeBrane
 
 factors are satisfied; however, the jurisprudence provides that a finding of
 
 LeBrane
 
 factors (3) and (4) without more is insufficient to impose vicarious liability on an employer. Because the assault occurred on Gilley’s premises during the hours of employment, the attack occurred during the course of Littleton’s employment with Gilley. But based upon the record before us, Johnson has failed to show any genuine issue of material fact as to whether Littleton’s act was primarily employment rooted or was reasonably incidental to the performance of her job duties. Further, Johnson has not shown that Littleton’s intentional tort was done in furtherance of any of Gilley’s objectives. Accordingly, although the attack occurred on the work premises and during work
 
 *548
 
 hours, there is no showing that the attack was in the scope of Littleton’s employment with Gilley, which is necessary for a finding of vicarious liability.
 

 We also reject the argument that this incident was employment related because Littleton was concerned over Johnson’s question regarding her shoplifting incident and the possibility that Gilley’s knowledge of the incident would jeopardize her job. We consider Johnson’s inquiry entirely too extraneous to make Littleton’s attack anywhere close to being in the |scourse and scope of her employment with Gilley’s.
 

 Finally, Johnson argues that the trial court abused its discretion in deciding the summary judgment motion prior to the completion of discovery, specifically arguing that he was unable to take Littleton’s deposition. The trial court opined that Johnson had “ample time to take whatever depositions were needed.”
 

 A defendant’s motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The motion may be considered even before the parties have completed discovery.
 
 Brooks v. Minnieweather,
 
 44,624 (La.App.2d Cir.08/19/09), 16 So.3d 1244;
 
 Humphries v. Cooper Truck Center,
 
 40,586 (La.App.2d Cir.03/08/06), 928 So.2d 940. It is within the trial court’s discretion to render a summary judgment, if appropriate, or to allow further discovery. While parties should be given a fair opportunity to present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed.
 
 Brooks, supra; Humphries, supra.
 
 The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact.
 
 Id.
 

 Johnson filed her petition on May 5, 2008, in which she clearly stated her cause of action against Gilley. Subsequently, after filing its answer, Gilley filed its motion for summary judgment on April 1, 2009. In that motion, Gilley clearly stated the theory under which it was moving for summary judgment and attached Johnson’s deposition in support. Johnson | ^propounded interrogatories and a request for production of documents on Gilley, which Gilley answered and filed in the record on June 23, 2009. The hearing on Gilley’s motion for summary judgment was conducted on July 1, 2009. At the hearing, Johnson’s attorney admitted that he could have taken Littleton’s deposition, but chose not to because he wanted to start with others before her.
 

 We agree with the trial court that Johnson had sufficient time to complete discovery before the July 2009 hearing. We find no merit to Johnson’s argument that the depositions of Littleton and Franklin (the shift manager) were necessary in order to establish Littleton’s job duties and job description. Such information was unnecessary, because Johnson admitted that her encounter with Littleton was purely personal and not related to McDonald’s business. Thus, based on Johnson’s own deposition testimony, it was unnecessary to even inquire into Littleton’s job duties, because Johnson admitted that they were conducting a personal (and not work-related) conversation. It was evident that Lit-tleton’s actions were not taken in the course and scope of her employment. Moreover, the parties had the benefit of reviewing Littleton’s criminal proceeding. There was no injustice by the trial court in refusing to delay the motion for summary judgment to allow further discovery by Johnson. This assignment of error is without merit.
 

 
 *549
 
 Conclusion
 

 Based on the foregoing, we conclude that the trial court ruled properly and the judgments sustaining Gilley Enterprises Inc.’s exception of ^prescription and motion for summary judgment were correct; therefore, we affirm both of the trial court’s judgments. All costs of this appeal are to be assessed to Janika Johnson.
 

 AFFIRMED.
 

 [1]
 

 . In the separate criminal proceeding, Little-ton was convicted of 2nd degree aggravated battery and was sentenced to ten years’ imprisonment. During these civil proceedings, she was (and presumably remains) incarcerated.
 

 [2]
 

 . The legal principles regarding summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966;
 
 Hardy v. Bowie,
 
 1998-2821 (La.09/08/99), 744 So.2d 606;
 
 Eichelberger v. Sidney,
 
 34,040 (La.App.2d Cir. 11/03/00), 771 So.2d 863.
 

 The burden is on the party seeking summary judgment to establish that there is an absence of factual support for one or more of the essential elements of the adverse party's claims. When a motion for summary judgment has been filed and supported by the evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but through affidavits or otherwise, must set forth evidence demonstrating that there is a genuine issue for trial. La. C.C.P. art. 967;
 
 Eichelberger, supra.
 
 If the nonmov-ing party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966.
 

 We review summary judgments
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of the appropriateness of summary judgment. Summary judgment procedure is now favored to secure the just, speedy and inexpensive determination of all except certain disallowed actions.
 
 Eichelberger, supra.