Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,626-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JARIUS BROWN                                Plaintiff-Appellant

versus

DEPUTY JAVARREA POUNCY,            Defendants-Appellees
JOHN DOE 1, AND JOHN DOE 2

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 83,478

Honorable Amy Burford McCartney, Judge

* * * * *

ACLU FOUNDATION OF LOUISIANA          Counsel for Appellant
By: Meghan Matt
    E. Bridget Wheeler

COVINGTON & BURLING LLP
By: Michael X. Imbroscio, *Pro hac vice*
    Lauren S. Willard

COOK, YANCEY, KING & GALLOWAY          Counsel for Appellee,
By: James Ashby Davis                 Deputy Javarrea Pouncy

* * * * *

Before PITMAN, COX, and ELLENDER, JJ.

**COX, J.**

This civil appeal arises from the 42nd Judicial District Court, DeSoto Parish, Louisiana. Jarius Brown ("Brown") appeals the district court judgment sustaining an exception of prescription and dismissing his claim for damages sustained following his arrest. For the reasons set forth below, we vacate the district court's ruling and remand with instructions.

## FACTS

Brown alleges that on September 27, 2019, he was stopped by a Louisiana State Trooper for a traffic violation and subsequently arrested for possession of marijuana. Brown was transported to the Sheriff's Office in DeSoto Parish and placed in the custody of Deputy Javarrea Pouncy ("Pouncy") and two unnamed deputies. Brown claims that during the strip search portion of the booking process, Pouncy and the unnamed deputies, without provocation, brutally beat him.

On September 24, 2021, Brown filed suit in the federal district court seeking damages under 42 U.S.C. § 1983 for the deputies' use of excessive force and violations of his Fourth and Fourteenth Amendment rights; Brown also brought claims under La. R.S. 14:35 for battery. On September 29, 2022, the federal district court dismissed Brown's federal claims as prescribed but declined to exercise supplemental jurisdiction over his state law claim, and dismissed the matter without prejudice.

On September 30, 2022, Brown filed suit in district court. Brown alleged that his claim was timely filed under La. C.C. art. 3493.10, which provides a two-year prescriptive period for delictual actions from damages sustained as a result of an act defined as a "crime of violence." Brown claimed that his allegations against Pouncy and the other unnamed deputies

were akin to second degree battery, which is enumerated as a "crime of violence" under La. R.S. 14:2.

In response, Pouncy filed an exception of prescription and no cause of action. Pouncy argued that Brown's claims were subject to the one-year prescriptive period under La. C.C. art. 3492, and had therefore prescribed. Pouncy further argued that there are no delictual claims for second-degree battery because the crime is statutorily defined and Brown lacks the authority to declare Pouncy committed an act that constitutes a "crime of violence"; instead, that power lies with the DeSoto Parish district attorney, who had not brought charges against Pouncy.

On May 26, 2023, the district court granted Pouncy's exception of prescription and dismissed Brown's claims. In its written reasons for ruling, the district court, in highlighting the reasoning in *Byrd v. Bossier Parish Sheriff, et al*, 54,914 (La. App. 2 Cir. 3/1/23), 357 So. 3d 582, found that Pouncy's actions did not constitute a crime of violence, and therefore, the one-year prescriptive period applied. The district court noted that Pouncy was not arrested or otherwise charged with a crime relative to Brown's claims. Moreover, Pouncy was the subject of a grand jury investigation but was never charged with a crime. This appeal then followed.

On November 9, 2023, Brown filed a "Motion to Remand for Consideration of Intervening Criminal Proceedings" with this Court. Brown claimed that on September 6, 2023, four months after the district court issued its ruling, Pouncy was indicted on two counts of deprivation of rights under the color of law in federal court. Brown alleged that the charges were based on the use of unreasonable force and deliberate indifference to serious medical needs, and one count of falsifying records arising from the incident

2

on September 27, 2019.  Brown further alleged that on September 5, 2023, DeMarkes Grant ("Grant"), one of the unnamed deputies from Brown's original petition, pled guilty to one count of obstruction of justice related to the incident.

Brown argued that these criminal proceedings "materially undermine the rationale the district court applied when it found that the unprovoked beating of Mr. Brown did not qualify as a crime of violence" for purposes of applying the two-year prescriptive period in La. C.C. art. 3493.10.  Brown requests that this Court set aside the district court's judgment and remand the matter for consideration in light of this new evidence.  In response, Pouncy argued that the federal indictment against him has no effect on the outcome of this proceeding and that Brown's motion is merely an attempt to "circumvent normal appellate procedures."  Pouncy maintained that regardless of the federal charges, Brown's claim is nevertheless prescribed, and Grant's guilty plea is of no matter because Grant is not a party to this proceeding and was not convicted of a crime of violence.

On December 20, 2023, Brown filed a "Motion for Judicial Notice of Intervening Criminal Proceedings," in which he requested this Court to take judicial notice of the federal indictment against Pouncy, Grant's plea agreement, and the factual basis for Grant's plea.  Brown argues that "notice of these proceedings is essential to a full and fair adjudication of this appeal."  Pouncy filed an "Unopposed Motion to Set Deadline for Appellee to File an Opposition to Plaintiff-Appellant's Motion for Judicial Notice of Intervening Criminal Proceedings."  Pouncy claimed that Brown's motion should be denied because 1) there is no procedural mechanism by which this Court can take judicial notice of new evidence, and is instead limited to the

3

evidence in the appellate record; 2) the proposed evidence is irrelevant for purposes of prescription because he was not indicted for a "crime of violence," and the factual basis of Grant's guilty plea cannot be imputed to him because Grant is a nonparty to the matter; and 3) the evidence is hearsay if used for the truth of the matter asserted. On January 10, 2024, this Court referred Brown's motion to the merits of this appeal and denied Pouncy's motion as unnecessary.

## STANDARD OF REVIEW

Generally, the standard of review for a judgment for an exception of prescription depends on whether evidence was introduced during the hearing of the exception. *Mitchell v. Baton Rouge Orthopedic Clinic, LLC*., 21-00061 (La. 10/10/21), 333 So. 3d 368; *Anding o/b/o Anding v. Ferguson*, 54,575 (La. App. 2 Cir. 7/6/22), 342 So. 3d 1138. If no evidence was presented to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. *Anding*, *supra*.

When evidence is introduced during the hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. *Id*. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. *Id*.; *Johnson v. Littleton*, 45,323 (La. App. 2 Cir. 5/19/10), 37 So. 3d 542. Because this particular exception of prescription involves the interpretation of a statute, which is a question of law, we review this matter under the de novo standard of review. *Id*.

4

**DISCUSSION**

On appeal, Brown argues that the district court erred in finding that his claim was subject to the one-year prescriptive period of La. C.C. art. 3492, and had therefore prescribed because no formal criminal proceedings against Pouncy occurred to invoke the two-year prescriptive period of La. C.C. art. 3493.10. Brown alleges that in imposing such a requirement, the district court departed from the plain text of La. C.C. art. 3493.10 and its legislative history which has never required that criminal proceedings occur before a plaintiff can bring a civil claim within the two-year prescriptive period. Brown argues that La. C.C. art. 3493.10 only requires a plaintiff seeking civil redress to sufficiently allege that he sustained damages as a result of an act defined as a "crime of violence," as enumerated in La. R.S. 14:2.

In this case, Brown asserts that in his petition, he alleged that he was the victim of a "crime of violence," namely second-degree battery, at the hands of Pouncy and two other officers, that resulted in serious bodily injury. Brown notes that he described the incident as being unprovoked and that he posed no threat to the officers that would justify their actions. Moreover, Brown highlights that Pouncy did not dispute this account of the incident or provide evidence to contradict those statements as alleged. Given this, Brown maintains that the district court should have accepted the facts of his petition as true for the purpose of prescription.

Pouncy likewise argues that the text of the statute and the legislative intent is clear; however, he proposes that for a plaintiff to avail himself of the two-year prescriptive period, a defendant, particularly law enforcement officers, must first be convicted of a "crime of violence." In support of this

5

argument, Pouncy references proposed Senate Bill 156 brought during the 1999 Regular Session, in which former Senator Arthur Lentini stated of the bill, "What this does is, it sets a two-year prescriptive period, the time within which you can file a suit for damages when the damages arise from a crime that is defined as a crime of violence in the criminal code."

Pouncy maintains that this remark "clearly shows that the intent of the legislature was for the two-year prescriptive period to only apply in the limited subset of cases in which an actual criminal proceeding against the defendant resulted in a conviction" for a "crime of violence." To this point, Pouncy notes that although he was the subject of a grand jury investigation, he was not charged or convicted of a "crime of violence." Pouncy further looks to the heading of La. C.C. art. 3493.10, titled "Delictual actions; two-year prescription; criminal act." He contends that the heading refers to a criminal act, which supports his assertion that the statute requires that the defendant commit and be convicted of a "crime of violence." As such, Pouncy argues that the trial court correctly determined that Brown's claim was subject to the one-year prescriptive period of art. 3492.

However, after a review of the text of La. C.C. art. 3493.10, this Court declines to adopt Pouncy's interpretation that a defendant must first be prosecuted, or otherwise charged, of a "crime of violence" before a plaintiff can invoke the article's two-year prescriptive period. La. C. C. art. 3493.10 provides:

> Delictual actions which arise due to damages sustained as a result of an ***act defined as a crime of violence*** under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2, are subject to a liberative prescription of two years. This prescription commences to run from the day of injury or damage is sustained. (Emphasis added).

La. R.S. 14:2(B) defines a "crime of violence" as:

> "[A]n offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon."

The legislature designated a list of certain enumerated offenses and attempts to commit any of those offenses as "crimes of violence." Included in that list is second degree battery, which is defined as a battery committed when the offender intentionally inflicts serious bodily injury. La. R.S. 14:34.1.

In interpreting statutes, La. C.C. art. 9 and La. R.S. 1:4 provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent." Here, the language of the article is clear: it requires an *act* that *would be defined* as a "crime of violence" under La. R.S. 14:2. Through a plain reading of the article, it is clear that the text does not impose formal criminal proceedings for conduct to qualify as a "crime of violence" for purposes of prescription. Moreover, as noted by the Third Circuit in *Green v. Dauphinet*, 23-521 (La. App. 3 Cir. 2/7/24), 380 So. 3d 169, such a "suggestion would read a substantive element into the legislation that is not reflected by the unambiguous wording of the [a]rticle."

Pouncy references three previous appellate court decisions in which the circuit courts considered the interpretation of La. C.C. art. 3493.10. Specifically, Pouncy cites *Vallery v. City of Baton Rouge*, 11-1611 (La. App. 1 Cir. 5/3/12), 2012 WL 2877599, *writ denied*, 12-1263 (La. 9/28/12), 98

So. 3d 837; *Edwards v. Lewis*, 22-56 (La. App. 3 Cir. 9/28/22), 348 So. 3d 269; and this Court's decision in *Byrd v. Bossier Parish Sheriff*, 54,914 (La. App. 2 Cir. 3/1/23), 357 So. 3d 582. In the unpublished *Vallery* opinion, the plaintiff filed a state tort claim against officers more than one year after the incident, but less than two years after the two-year prescriptive period under La. C.C. art. 3493.10. The plaintiff asserted that this claim fell under the two-year prescriptive period because his claim was based on a "crime of violence."

In finding that the plaintiff's claim in *Vallery* had prescribed, the First Circuit held that "[f]or [art.] 3493.10 to apply, the petition must sufficiently allege an act defined as a crime of violence," and that under the facts alleged in the plaintiff's petition, the officer's "acts were undertaken in the context of a police arrest." The court then recognized that the plaintiff resisted arrest and highlighted that "excessive force may transform ordinarily protected use of force into an actionable battery, rendering the officer and his employer liable for damages," but such damages "sound in tort, and it does not necessarily follow that the alleged use of excessive force equates to the commission of a crime of violence to invoke the two-year prescriptive period of art. 3493.10."

Similarly, in the *Edwards* opinion, the Third Circuit found that the plaintiff's claim for excessive force was prescribed, and rejected the argument that the two-year prescriptive period for a "crime of violence" applied to the claim. The court noted that during the plaintiff's post-arrest detention, he attempted to strangle himself with his shoelaces, which then prompted officers to tase the plaintiff in order to remove the shoelaces. The court held that "[i]t is undisputed that under Louisiana law, excessive force

8

may transform ordinarily protective use of force into an actionable battery[.] Nonetheless, as urged by the Defendants, it does not necessarily follow that claims of excessive force equate to the commission of a "crime of violence" to invoke the two-year prescriptive period found in [art.] 3493.10."

Finally, in this Court's opinion in *Byrd*, the plaintiff similarly filed suit for excessive force under La. C.C. art. 3493.10. The facts of the case indicate that the plaintiff resisted arrest and this Court held:

> The mere fact that Byrd contends the actions of the deputies and officers were crimes of violence does not make it so. La. C. Cr. P. art. 220 permitted the deputies and officers to use "reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance" of Byrd. The injuries allegedly sustained by Byrd do not automatically transform the defendants' permitted actions into crimes of violence. There is no evidence that the deputies or officers were charged with a crime or even subjected to disciplinary action from their departments. Thus, the damages allegedly suffered by Byrd were not the result of a crime of violence perpetrated by the Bossier Parish deputies or the Bossier City officers.

Accordingly, this Court found that the plaintiff's claims were prescribed.

However, this Court finds that the cited cases are distinguishable from the present matter. In *Vallery*, *Edwards*, and *Byrd*, the courts noted that the plaintiffs either resisted arrest or that the plaintiffs' conduct necessitated officer intervention to prevent injury. From this, the courts considered whether the officers' actions, in response to the plaintiffs' conduct, were reasonable in light of La. C. Cr. P. art. 220 and whether such actions were excessive. Under such circumstances, the courts respectively concluded that alone, excessive force did not equate to the commission of a "crime of violence" to invoke the two-year period of La. C.C. art. 3493.10. *Byrd*, *supra*; *Edwards*, *supra*; *Vallery*, *supra*.

9

It does not follow that the decisions in *Vallery*, *Edwards*, and *Byrd* were entirely predicated on whether criminal proceedings had begun; rather the courts considered whether the officers' use of excessive force, in the context of an arrest or post-arrest detention, can necessarily be considered a "crime of violence" merely because the officer's actions were excessive. It appears that any mention of whether officers were charged, arrested, or otherwise prosecuted for the incident was done to consider whether any evidence existed to show whether the alleged conduct could reflect if the actions could be considered a "crime of violence." In finding that the officers' actions were neither excessive and no formal criminal proceedings were filed, the courts rejected the plaintiffs' arguments that the two-year prescriptive period applied.

In the present case, we find that the absence of formal criminal proceedings does not negate the unambiguous text of La. C.C. art. 3493.10, and therefore, there is no imposition that a defendant must be prosecuted for a plaintiff to avail himself of the two-year prescriptive period. This Court, however, declines to determine whether Pouncy's actions equate to a "crime of violence" to invoke the two-year prescriptive period.

We note that on November 9, 2023, Brown filed a "Motion to Remand for Consideration of Intervening Criminal Proceedings" with this Court based on a ruling from the federal court, which indicted Pouncy on two counts of deprivation of rights under the color of law in federal court. Because this is new evidence and this Court is a court of record, we may not receive new evidence or consider evidence not in the appellate record. *Jackson v. European Serv. Inc.*, 51,844 (La. App. 2 Cir. 2/28/18), 246 So. 3d 743. This new evidence was not available for the district court to consider

10

before rendering its ruling and could substantially bear upon the district court's decision; therefore, in consideration of the lower court and its factfinding role, we vacate the district court's judgment and remand this matter in light of this Court's interpretation of La. C.C. art. 3493.10.

## CONCLUSION

For the foregoing reasons, the district court's ruling sustaining Pouncy's exception of prescription is vacated and this matter is remanded for further proceedings in consideration of this Court's interpretation of La. C.C. art. 3493.10.  Costs of this appeal are assessed to Pouncy.

**VACATED and REMANDED.**